74,986-02

WRIT APPLICATION NUMBER:_____
// To Be Filled In By Clerk-If Necessary //
CAUSE #: 68 , 897 - A
=======================

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE
ERIC LAVAL THOMPSON
A P P L I C A N T

--------------------------------------------------------------------

CHALLENGE TO THE JUDGEMENT OF CONVICTION IN CAUSE NUMBER 68,897
From The 264th DISTRICT COURT of BELL COUNTY , STATE OF TEXAS
==================================================================

APPLICANT'S OBJECTIONS TO TRIAL COURT'S
FINDINGS OF FACT(s) and CONCLUTIONS OF LAW
============================================

PREPARED BY:
Eric Laval Thompson,Pro Se
C.T.TERRELL UNIT/ #1806899
1300 F.M. 655(Brazoria Co)
ROSHARON , TEXAS 77583
|||||||||||||||||||||||||||||||

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 19 2015
Abel Acosta, Clerk

TO:The Honorable Justices of the Texas Court of Criminal Appeals:

Before the Applicant could respond to the STATE'S Motion to Enter Proposed Findings of Fact and Conclusions of Law that was Filed on September 28th,2015, the Trial Court Judge went an SIGNED the Findings of Fact and Conclusions of Law on October 8th,2015,that I assume has been transmitted to the Court of Criminal Appeals.

This Pleading contains Applicant's Objections and Rebuttal to the aforementioned Findings of Fact and Conclusions of Law To Wit:

ALLEGATIONS OF THE APPLICANT:

GROUND ONE- Applicant has alleged that his attorney provided ineffective assistance of counsel at his trial-And the Applicant still stands by that allegation

GROUND TWO- Applicant has alleged that his attorney provided ineffective assistance of of counsel on appeal,in that his RIGHT to File a Pro Se Petition for Discretionary Review was abridged by her actions,Since the Court has now GRANTED Applicant Request to FILE an Out Of Time "PDR" this Ground is Waived At This Time.

GROUND THREE- Applicant has alleged that the STATE engaged in Misconduct by Enhancing his Indictment Without Notice-And the Applicant still stands by that Allegation.

GROUND FOUR- Applicant has alleged that he is Actually Innocent of the Offense He was Charged with,Under this Case Number-And the Applicant still stands by that allegation.

( PAGE # 1 of 6 )

( CONTINUED )

## AS TO NECESSITY FOR AN EVIDENTIARY HEARING or EXPANSION OF THE RECORD

While the COURT may have found that the Record was Expanded to Include an Affidavit from the Applicant's Trial Attorney-(Mr.White),the Court has failed to mention that this Affidavit was Filed LATE and Against the OBJECTION of the Applicant,,This Court of Criminal Appeals should ensure that the Several Motions and Correspondenses the Applicant generated between July 27th,2015 and September 16th,2015 are ALL Part of the Expanded Record.

In the **Findings of Fact and Conclusions of Law** that the Court SIGNED on 10/8/15 the Applicant OBJECTS to Matters concerning **Attorney of Record at Trial** , in that the COURT has Failed To Address that the was an Improper REAPPOINTMENT of Attorney White AFTER he had been Removed as the Applicant's Trial Counsel,that Caused a /Conflict of Interest Scenario/ .Attorney White was FIRST Appointed on April 20th,2009 on Cause #:65,274- See Order Of Appointment/EXHIBIT #:E ,,The Court will also find Reference to this PROBLEM in Writ Application Number: **WR-74,986-01** about **Trial Court #:65274-A/See EXHIBIT "C"** ,that although DISMISSED as a Premature Application VERIFIES the Allegation I have made in this Application.
Mr.White was REMOVED as My Counsel on June 3th,2010,ONLY to be Reappointed to me on December 2nd,2011 under the New Cause Number-That being This Case.
This Attorney Swaping and Reappointment caused Communication and Personality Problems all during this case,I filed a State Bar Grievance ,Please See: **OUT OF COURT HOURLY WORKSHEET/TRIAL COURT CASE #:65274-10/2/2009//3/2/2010 &// 4/6/2010-My Motion to Withdraw**
I believe this substantiates that an **EVIDENTIARY HEARING** should have been REQUIRED and that as the Court of Criminal Appeals reviews my case,Remanding this matter BACK to the TRIAL COURT for a HEARING to more fully investigate GROUND ONE and Additionally EXPAND THE RECORD for this Court to have,Would be HEREIN REQUESTED by the APPLICANT.

## AS TO WHAT THE TRIAL COURT SAYS ARE THE RELEVANT FACTS OF THE CASE

The Most Important FACT is that there was NO Supporting Forensic or DNA Evidence to substantiate the Charge/Conviction. The Testimony offered by the Interloping Witness was Testmony from Unreliable Sources.The Witnesses we 13 Years Old,An age that should bring suspect and additional scrutiny to their representations of what they "HEARD", <No Testimony was EVER Offered that these witnesses SAW Anything>.,and even what they "HEARD" is insufficient to have warranted a Conviction. **R.R.V-5-27-**Witness never said she heard anything about a Pornographic Movie<The Type Of Thing a 13 would Make Up>  ,
Nothing in the Record of the Trial supported me touching the Victim IN ANY WAY **R.R.V5-30**,The Victim's Sister Stated: She Heard and Saw NOTHING.And this was when she was in the Same Room as the Victim and Myself. This Makes NO Sense.All through the Trial when the Witness was Cross Examined the answers were No,No and No.ADDITIONALLY There was No Initial Outcry by Any Party,Even after Defendant was no longer in a position of Control or Constituted a Threat.
This Testimony is so convoluted that it should have been OBJECTED TO by My Trial Counsel,and the COURT should have considered STRIKING IT from the Record. The TELEPHONE RECORDING took EVERYTHING out of Context,(IE:Cut and Paste Style),and if said RECORDING was altered in this fashion,then its Admissability should have been OBJECTED to by Attorney White and the COURT should have considered STRIKING The TAPE and Also Ruling it INADMISSABLE. We have INEFFECTIVE ASSISTANCE -EVERYWHERE !

ADDRESSING:GROUND ONE-INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Applicant states that there was MORE than just a personality conflict,there was an Actual Conflict of Interests and Conflict that underminded the Defense he received at Trial. Attorney White had been previously REMOVED as His Trial Counsel on what was essentially this same case but with a Different Cause Number. State Bar Grievance had been filed. For the INDIGENT DEFENSE COORDINATOR-(Jennifer A.Largent) to make the Mistake of Reappointing Attorney White due to a Clerical Oversight (Showing that Attorney White was Appointed in ONE CASE so he should Logically Be Appointed in Additional Cases--But not showing that the Court had Removed Attorney White)is an ERROR not of the Applicant's Making.

Applicant would again request that this Court,For Reference,View the Material in WRIT APPLICATION NUMBER: WR-74,986-01,Which the Applicant includes HEREIN this Objection to the Trial Courts Findings and Conclusions.

Applicant also,For The Record,Would like to say thaty on Several Occasions he requested of the STATE-(IE:The Bell County Jail Administration) give him Access to the Law Library and they DENIED this Reasonable Request,Multiplies the GROUND stated HEREIN.

Applicant states that His Counsel,Mr White FAILED to ensure that the Proper Documentation was Filed to Preserve His RIGHT to a Speedy Trial.The Excuse that there is no such thing in the State of Texas does not seem valid as TEXAS is still part of the United States of America (Whether It Likes It Or Not) and There is On Record/FILED 9/8/2009 in the 65 Number a Request for a Speedy Trial.

Applicant avers that the STATE knew exactly what they were doing when they Switched from the 65,274 Cause Number to the 68,897 Cause Number.ALL the Errors on that Record would more easily substantiate My Claims/Grounds NOW, so I additionally Request that this Court ORDER the Transmittal of the Clerk's Record in Bell County Cause Number 65,274-Which I Incorporate HEREIN this Objection by reference HERE.

If the Court views R.R. V3-5 and R.R.VI-Pg.5 of the Pretrial Hearings it will see that the STATE was not even notifying me that they were proceeding on an Indency Case but one of Solicitation.

Attorney White also failed to attack the enhancement by the STATE. All of the Cases utilized were over 10 Years Old,See:  TX .Rules Of Evidence 609 et seq. //RULE AS IT WAS AT TIME OF TRIAL-(b)//

In closing out this commentary,Applicant asks the Court to NOTE that there were So Many Flawys by the State,Court and Counsel under the 65,274 that he would ask the Court of Criminal Appeals to consider the Legal Impropriety of Reindicting him under 68,897 to get around those mistakes and the Speedy Trial Issue.AGAIN-Attorney White was INEFFECTIVE in failing to address ANY of this, Which may have been due to his attitude towards me,See:R.R. V6-39, I ask this Court, If  YOUR  Attorney was mentioning things like PUBLIC HANGINGS and BEING ABOUT PUNISHMENT , would you not conclude that He was NOT Zealously Defending You and Had a Conflict with you,-Thus: Inneffective Assistance of Counsel at Trial.

EX PARTE ERIC LAVAL THOMPSON
Trial Court #:68,897-A

( CONTINUED )

ADDRESSING:GROUND TWO-INNEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

The Applicant accepts the finding of the Trial Court and would accept the Relief,on this GROUND of Filing a Petition for Discretionary Review

ADDRESSING:GROUND THREE-PROSECUTORIAL MISCONDUCT

The record will reflect that the STATE gave Notice on Cause Number 65,274 BUT Applicant went to Trial for Cause Number 68,897 and No Notice to Enhance Punishment was Filed Before Trial-See:EXHIBIT "N" .

In # 73,The Trial Court Found: "..the Court finds that when <Applicant> took the stand in his own defense,the Applicant admitted to the commission of all three offenses" , I never opened the door to the STATE asking about my Prior Convictions,and by the STATE asking about them they Violated the ORDER from the MOTION IN LIMINE. Also,Please See: EXHIBIT "B" ,No 10 Days Notice Was Provided and there was a Motion filed requesting Notice from the STATE to Use Evidence Of Extraneous Offenses at Trial.

Applicant represents that the STATE'S Actions were Improper and that Any Enhancement awarded them should be Voided and My Sentence adjusted accordingly.

ADDRESSING:GROUND FOUR-"ACTUAL INNOCENCE"

"Substantially Tracks" now that is not the same thing as being INDICTED for an Offense of a Felony Nature and a Grand Jury Indictment is what is REQUIRED By Law to be brought to Trial on ANY Felony Offense.As I was not INDICTED for the Specific Offense of Criminal Solicitation of a Minor,I Therefore Ergo can not be Guility of it,Under The Law,Thus I am ACTUALLY INNOCENT of the Offense-Legally Speaking,and that is what the Review by the Court of Criminal Appeals is to Address-The Legality of My Conviction.For Clarification Please See: R.R.V3-5,Line 17

## CONCLUSIONS OF LAW

GROUND ONE-INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

For the Trial Court to say that there was No Ineffective Assistance of Counsel at Trial is mearly a Rubber Stamping of the STATE'S Position. If this Court has done as I requested,and pulled into this Matter the Records from Bell County Cause #:65,274 the Blatant Conflict of Interest and CONFLICT should have been Immediately Evident. The Trial's Record will show that Time and Time Again Attorney White Ignored Opportunities to OBJECT to Testmony made by the STATE'S Witnesses.He also failed to OBJECT to the Utilization of Extraneaus Offenses,2 of which would be State Jail Offense thus Doubly Not Usagable for Enhancecement Purposes. Add to this the Entirely Inapprppriate Comment regarding HANGING and PUNISHMENT and IN ITS TOTALITY Attorney White's Representation FELL BELOW THE STANDARD OF RESONABLENESS,This GOUND should be GRANTED by this Court of Criminal Appeals.

CONCLUSIONS OF LAW-Cont.
=====================

## GROUND TWO-INNEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

The Trial Court has conceeded that "..through no fault of his own--" that one his RIGHTS in the Criminal Procedure Process was ".abridged." thus is the Trial Court's Opinon the Only Relief the Applicant is Eligible for is An Out Of Time PDR. Factoring in the Time Since Trial,Applicant would represent that this is NOT the Only Post Trial/Appeal Relief he is Entitled to and would state that the mere Agreement by the Fact Finder for this 11.07 Application with there being a Violation of His Rights, Does Therefore Warrant this GROUND also being GRANTED and ALL Relief deemed appropriate and legally entitled by given to the Applicant.


## GROUND THREE-PROSECUTORIAL MISCONDUCT

Applicant finds the Trial Court's Posistion Legally Preposterous. Not only has he shown that the Enhancements were Invalid,Thus the Higher Sentencing also should be Invalidated by this Court , but additionally the Procedural Malfeasance should avail this Court of Criminal Appeals to GRANT this GROUND and ALL Relief this Court deems appropriate and Legally Warranted.


## GROUND FOUR-"ACTUAL INNOCENCE" OF CHARGED OFFENSE

This Court of Criminal Appeals is requested by the Applicant to consider the Terminology "CHARGED OFFENSE". The ONLY Indicted Offense listed in this Cause Number is INDECENCY WITH A CHILD BY CONTACT. The excuse that in the wording there are allusions that were of a nature that "SUBSTANTIALLY TRACKS" a different offense LEGALLY does not cut it.As we are dealing with the LEGALITY OF MY CONVICTION,the Applicant represents that he was Not Indicted for the Felony Charge he was Convicted of,therefore the Conviction should be Invalidated. this GROUND and ALL the Relief this Court of Criminal Appeals deems Appropriate and Legally Warranted should be GRANTED to the Applicant.

### AS TO THE TRIAL COURT'S - RECOMMENDATION
=========================================

In addition to My being GRANTED an OUT-OF-TIME PDR,First Off the Pro Se that does not even appear in the Court's Recommendation should be deleted to allow for the Applicant to have the Assistance of Counsel with that PDR, but beyond that the Applicant feels that the GROUNDS he has presented are GROUNDS worthy of this Court of Criminal Appeals Invalidating His Conviction in this Case. The decision to Remand back for a Retrial,which up to the Court of Criminal Appeals,the Applicant would,If the Court finds in His Favor on GROUND ONE,THREE and/or FOUR represent that His DOUBLE JEOPARDY RIGHT should negate any Retrial on Any Facit of the Alleged Criminal Conduct that was part of this Case.

EX PARTE ERIC LAVAL THOMPSON
Trial Court #:68,897-A

( CONTINUED )

NOTE:OBJECTIONS AS TO TRANSMITTAL ORDER:
================================================

FIRST OFF,As the Activities of the Cases were Comingled,I Respectfully Request that this Court of Criminal Appeals ORDER on its Own Authority the Clerk's Record from Bell County Cause Number 65,274.

ADDITIONALLY,The Trial Court seems to have conveniently neglected to Order Transmitted the Applicant's Post Convictions Fillings.Missing and Should be ORDERED Transmitted are:

Documents from Cause Number 65,274-

8)Police Report
Misc)The Entire Case's File/Record

Documents from Cause Number 68,897-

33)Motion-Lack Of Response
34)Objections to Mr Wite's Affidavit
35)Motion in favor of the Relator
Misc)And and All Filings by the Defendant/
    Applicant including Correspondences.

## CONCLUSION
=============

The GROUNDS have MERIT and Should be GRANTED with All Legally Available and Appropriate Relief AWARDED to the Applicant as set forth herein.
The MISSING Parts of the Record should : Be ORDERED by the Court of Criminal Appeals on its Own Authority.

## PRAYER
=========

That the Court of Criminal Appeals GRANT the GROUNDS in the Case in Favor of the Applicant and ORDER all Appropriate/Available Relief as requested in this Pleading.

Respectfully Submitted By

Eric Laval Thompson,Pro Se
C.T.TERRELL UNIT/#1806899
1300 F.M.655 (Brazoria Co)
ROSHARON  ,  TEXAS  77583

UNSWORN DECLARATION:
====================
I,Eric Laval Thompson,TDCJ #:1806899,Incarcerated at the TDCJ-CID C.T.TERRELL UNIT in BRAZORIA COUNTY,TEXAS,-Declare Under The Penalty of Perjury,that the Statements in the Foregoing Pleading are True and Correct, To the Best of My Knowledge and Belief.

EXECUTED on October 15th,2015 BY
Eric Laval Thompson,Pro Se

## CERTIFICATE OF SERVICE
========================

I CERTIFY that a True and Correct  CARBON COPY  was SERVED upon Assistant District Attorney-Sean K.Proctor(TSB#:16349500) at P.O.Box 540,Belton,Texas 76513 by 1st Class Mail on October 16th,2015.

BY
Eric Laval Thompson,Pro Se

( PAGE # 6 of 6 )